## MARSHALL v. KEEFE.

### No. 15,124; August 31, 1893.

#### 34 Pac. 89.

**Sale of Potatoes—Merchantable Quality.**—The fact that part of a lot of potatoes contracted for as "merchantable" have "sprouted a little" does not necessarily show that they are unmerchantable, but, there being evidence that the lot in question were salable for table use or shipment, the question whether the purchaser was justified in refusing to receive them is for the jury.

APPEAL from Superior Court, City and County of San Francisco; John F. Finn, Judge.

Action by P. S. Marshall against D. Keefe. From a judgment for plaintiff, defendant appeals. Affirmed.

E. F. Preston for appellant; Wm. H. Chapman for respondent.

PER CURIAM.—This action was brought by the seller of a lot of potatoes to recover damages from the purchaser, who refused to receive them when tendered. A jury trial was had, plaintiff recovered judgment, and defendant appeals from the judgment, and from an order denying a new trial. The contract called for Early Rose merchantable potatoes. It is claimed that there was no evidence at all tending to show that the goods tendered were merchantable. In this, we think, after carefully examining the record, the appellant is in error. There is much testimony to that effect. Appellant seems to conclude, because plaintiff's witnesses testified that some of the potatoes had sprouted a little, that it would necessarily follow that they were not merchantable. But this proposition cannot be sustained. That might depend upon how badly they had sprouted, and perhaps upon the time of the year in which they were to be delivered. Some witnesses testified that the potatoes tendered were salable for table use, or, as the witnesses preferred to say, for shipment. It became a question for the jury, and was submitted to them under instructions which are not complained of here. The judgment and order are affirmed.